Marian F. Harrison
US Bankruptcy Judge

Dated: 02/14/12

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JERRY LLOYD COX, AND | ) | CASE NO. 108-08477 |
| SPAIN ROSE COX, | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | JUDGE MARIAN F. HARRISON |
| | ) | |

_____

## MEMORANDUM OPINION
_____

This matter came before the Court upon the debtors' Motion to Modify Plan. The Court finds that the motion should be denied based on insufficient notice.

## I. BACKGROUND

The debtors filed a voluntary petition under Chapter 13 on September 18, 2008. On November 5, 2008, CitiFinancial Auto Corporation (hereinafter "CitiFinancial Auto") filed a secured proof of claim in the amount of $11,118.65, asserting a security interest in a 2003 Chevrolet Malibu-V6. On December 30, 2008, this Court entered an order confirming the debtors' Chapter 13 plan. The confirmed plan treated CitiFinancial Auto as a secured creditor with a secured claim not subject to the provisions of 11 U.S.C. § 506, and provided

payment of a principal amount of $11,118.65 at 6% interest and $215 monthly payments. CitiFinancial Auto did not object to confirmation.

On October 4, 2011, the debtors filed this motion to modify plan. Specifically, the debtors seek to surrender the Chevrolet Malibu to CitiFinancial Auto, lift the automatic stay to allow CitiFinancial Auto to sell the vehicle, and then allow CitiFinancial Auto 180 days to file a claim for any deficiency as an unsecured claim. The service list attached to the debtors' motion indicates that it was mailed to "Citi Auto" at "PO Box 9575, Coppell, TX 75019." This address differs slightly from the address specified on the creditor's proof of claim, which indicates that notices should be sent to "PO Box 9578."

The only objection was filed by the Chapter 13 Trustee. While the Chapter 13 Trustee recognizes that a secured creditor might consent to such treatment, she argues that notice to the creditor in this case was insufficient to assume consent. The Court agrees.

## II. DISCUSSION

The issue in this case is whether the debtors' notice of their motion to modify the confirmed Chapter 13 plan was sufficient to interpret the affected secured creditor's lack of response to the motion as an acceptance, permitting a modification that otherwise would conflict with the Sixth Circuit's interpretation of 11 U.S.C. § 1329. *See Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 535 (6th Cir. 2000) (citation omitted) ("a debtor cannot

2 - U.S. Bankruptcy Court, M.D. Tenn.

modify a plan under section 1329(a) by: 1) surrendering the collateral to a creditor; 2) having the creditor sell the collateral and apply the proceeds toward the claim; and 3) having any deficiency classified as an unsecured claim"). *See also* ***Ruskin v. DaimlerChrysler Serv. N. Am., L.L.C. (In re Adkins)***, 425 F.3d 296 (6th Cir. 2005) (remaining portion of allowed secured claim must be paid on secured basis).

Previously, in ***In re Enders***, No. 308-04229, 2010 WL 148415 (Bankr. M.D. Tenn. Jan. 12, 2010), this Court distinguished the facts from those in ***In re Nolan***. Specifically, "unlike *any* of the cases discussing ***In re Nolan***, which all deal with automobiles and cram-down of deficiencies asserted by the creditor, this case involves both real estate *and* a creditor who has not objected nor asserted any deficiency which would normally involve the reclassification of part of the secured debt as unsecured in violation of ***In re Nolan***." *Id.* at *3 (emphasis in original). Additionally, this Court pointed to the fact that the creditor was previously granted relief from the automatic stay and that the creditor did not file an objection to the debtor's motion to modify. Based on these distinctions, the Court held that the creditor "accepted its foreclosure or the debtor's surrender as an accelerated full payment on its debt . . . [and b]ased on [the creditor's] evident consent to modification, this does not appear to run afoul of ***In re Nolan***." *Id.* Although not recited in the opinion, another important distinction in ***In re Enders*** was that the creditor had been an active participant in

3 - U.S. Bankruptcy Court, M.D. Tenn.

the bankruptcy case, with counsel filing the proof of claim and the motion for relief from the automatic stay.

The same is not true here. CitiFinancial Auto filed its proof of claim without representation by counsel, and no attorney has entered a notice of appearance on behalf of CitiFinancial Auto or filed any pleadings. In addition, it appears that the debtors mailed notice to an incorrect address, and they did not present any proof that notice was ever received. More importantly, the notice given by the debtors was substantively insufficient under these circumstances.

The Court agrees with the Chapter 13 Trustee's argument that the notice should have informed CitiFinancial Auto, in clear and concise language:

(1) based on ***Chrysler Fin. Corp. v. Nolan (In re Nolan)***, 232 F.3d 528, 535 (6th Cir. 2000), the proposed modification is unavailable to the debtors without the creditor's acceptance; and

(2) the Court will interpret the creditor's silence as an acceptance of the proposal.

"Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" ***United Student Aid Funds, Inc. v. Espinosa,*** \_\_\_ U.S. \_\_\_,

4 - U.S. Bankruptcy Court, M.D. Tenn.

130 S. Ct. 1367, 1378 (2010) (citations omitted). In the context of plan confirmation, this means a "clear, open, and explicit statement of a secured creditor's treatment in a chapter 13 plan before the creditor's failure to object will be deemed implied acceptance." *Flynn v. Bankowski (In re Flynn),* 402 B.R. 437, 444 (B.A.P. 1ˢᵗ Cir. 2009) (citation omitted). *See also In re Rheaume*, 296 B.R. 313, 321 (Bankr. D. Vt. 2003) (citations omitted) (while creditors are obligated to read plans and assert objections in timely fashion, "relief being sought must be articulated clearly and, particularly if it is unusual relief, conspicuously set forth in the text—that is to say, not 'buried' among boilerplate provisions").

Here, the debtors' proposed modification to surrender collateral to CitiFinancial Auto and treat any deficiency as unsecured is inconsistent with binding Sixth Circuit precedent unless the affected creditor consents to the proposed treatment of its claim. This Court cannot find that CitiFinancial Auto's silence equals consent based on the notice provided.

### III. CONCLUSION

Accordingly, the Court finds that notice to CitiFinancial Auto was insufficient, and therefore, the debtors' motion to modify should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 1:08-bk-08477   Doc 70   Filed 02/15/12   Entered 02/15/12 07:39:57   Desc Main
                    Document      Page 5 of 5